GEORGE SPALDING and others *v.* SOLOMON KING and another.

The claimant, under the lien law, before he can maintain an action against the owner, must show that payments have become due under the contract with the owner.

How far the mere fact that the money earned by the contractor has not become *payable*, will operate to defeat the proceeding, where the *owner* himself commences the proceeding by requiring the claimant to foreclose. *Quere? Per* WOODRUFF, J.

Where the defendants offered to show that they paid $350 on the contract before the lien was put on, and that after such payment, which amounted to more than

Spalding v. King.

was due by the terms of the contract, the contractor abandoned it; *held*, that the evidence would have been a complete defence to the plaintiffs' claim, and should not have been excluded on the trial.

GENERAL TERM, MARCH, 1854.

THE defendant (owner) appealed from a judgment entered against him in the marine court, in a proceeding taken under the lien law by a creditor of the contractor. The question in the case arose under the ruling of the justice, excluding testimony offered for the appellant at the trial.

*Samuel Owen*, for the appellant.

*J. Palmer* and *T. W. Waterman*, for the respondent.

BY THE COURT. DALY, J.—We have heretofore held, that the claimant, under the lien law, must show that a payment has become due upon the contract with the owner, before he can maintain an action against the owner. The claimants gave the contract in evidence, and then proved by the contractor that he completed the contract, so far as the owner would permit him; and they showed further, though in a very loose way, that there was an amount due him, equal to the plaintiffs' claim. The defendants then offered to show, that they had paid the contractor $350 before the lien was put on; and that after he received this payment—being more than was due by the terms of the contract—he abandoned the contract. The justice refused to admit the evidence, and gave judgment for the plaintiffs, upon the authority of the case above cited, as well as that of *Doughty* v. *Devlin*. This was a complete defence, and the judgment must therefore be reversed.

WOODRUFF, J.—Whether, where the *owner* commences the proceeding by requiring the claimant to foreclose, the mere fact that the term of credit for money actually earned by the contractor, has not expired, will defeat the proceeding so as to destroy the lien? *Quere.*

                                          Judgment reversed.